IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

TERRY E. ADKINS,
    Petitioner,

vs.                                                              Case No.: 5:13cv322/LAC/EMT

WARDEN, FCI-MARIANNA,
    Respondent.
_____/

**REPORT AND RECOMMENDATION**

    This case is before the court on Petitioner's habeas petition and supporting memorandum, filed pursuant to 28 U.S.C. § 2241 (docs. 1, 2). Respondent filed a response to the petition (doc. 8). Petitioner filed a reply (doc. 11).

    The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After careful consideration of all issues raised by the parties, it is the opinion of the undersigned that the petition should be dismissed for lack of jurisdiction.

I.     BACKGROUND[1]

    On August 7, 2003, a federal grand jury in the United States District Court for the Eastern District of Kentucky indicted Petitioner on one count of conspiracy to possess visual depictions of minors engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252(b)(1) (Count 1), ninety-nine (99) counts of receiving visual depictions of minors engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(2) (Counts 2 through 100), and one count of possession of

---

[1] Petitioner does not dispute Respondent's rendition of the background of this case set forth in its Response (doc. 8 at 2–4). Additionally, that rendition is supported by those portions of the record of Petitioner's underlying criminal case submitted by Respondent (doc. 8, Exhibits).

matters containing visual depictions of minors engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(4)(B) (Count 101) (doc. 8, Ex. 1). Following a bench trial on January 20, 2004, Petitioner was found guilty as charged (doc. 8, Ex. 2). On May 24, 2004, the court sentenced Petitioner to a term of 240 months of imprisonment on Count 1, terms of 180 months of imprisonment on Counts 2 through 4 (to run consecutively to each other and to the sentence on Count 1), a term of 120 month of imprisonment on Count 5 (to run consecutively to the sentences on Counts 1 through 4), terms of 180 months of imprisonment on Counts 6 through 70 (to run concurrently with each other and the sentence on Count 1), terms of 240 months of imprisonment on Counts 71 through 100 (to run concurrently with each other and the sentence on Count 1), and a term of 120 months of imprisonment on Count 101 (to run concurrently with the sentence on Count 1), for a total of 900 months (75 years) of imprisonment (doc. 8, Ex. 3). The Sixth Circuit Court of Appeals affirmed Petitioner's convictions, but remanded the case for re-sentencing under United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005). *See* United States v. Adkins, 169 F. App'x 961 (6th Cir. 2006). On December 15, 2006, the district court re-sentenced Petitioner to the same sentence (doc. 8, Exs. 4). The Sixth Circuit affirmed the judgment on November 2, 2007 (doc. 8, Ex. 5).

Petitioner filed a motion to vacate sentence, pursuant to 28 U.S.C. § 2255, on August 13, 2008 (doc. 8, Ex. 6). The district court subsequently dismissed the motion without prejudice at Petitioner's request (doc. 8, Ex. 7). Petitioner re-filed his § 2255 motion on October 23, 2008, and subsequently filed an amended motion (doc. 8, Exs. 8, 9). On February 22, 2012, the assigned magistrate judge issued a Recommended Disposition wherein he recommended that Petitioner's § 2255 motion be denied (doc. 8, Ex. 15). *See* United States v. Adkins, Nos. 5:03-cr-102-KSF, 6:08-cv-7033-KSF, 2012 WL 1068762 (E.D. Ken. Feb. 22, 2012) (unpublished). On April 12, 2012, the district court adopted the magistrate judge's Recommended Disposition and denied Petitioner's § 2255 motion (doc. 8, Exs. 20, 21). *See* United States v. Adkins, Nos. 5:03-cr-102-KSF, 6:08-cv-7033-KSF, 2012 WL 1232003 (E.D. Ken. Apr. 12, 2012) (unpublished).

Petitioner filed the instant § 2241 petition on September 17, 2013 (doc. 1 at 9).[2] He was housed at the Federal Correctional Institution in Marianna, Florida, when he filed his petition (*id.* at 1), and he is still housed there. Petitioner raises the following claim:

> Ground One: "Ex Post Facto violation when the sentencing court used the Guidelines in effect at the time of sentencing rather than the Guidelines in effect at the time of the offense."

(doc. 1 at 6–7). Petitioner contends § 2255 is an inadequate and ineffective vehicle for raising this claim, because Sixth Circuit precedent foreclosed him from bringing his claim, and a new Supreme Court decision, Peugh v. United States, 133 S. Ct. 2072 (2013), now permits him to do so (doc. 1 at 5; doc. 2).

II. ANALYSIS

The power to issue the writ of habeas corpus was granted to the federal courts by the Judiciary Act of 1789. *See* United States v. Hayman, 342 U.S. 205, 211, 72 S. Ct. 263, 96 L. Ed. 232 (1952). The habeas remedy is now codified in § 2241, subsection (c)(3) of which provides that the writ of habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States." As noted in Hayman, habeas corpus applications are required to be brought in the district of confinement. 342 U.S. at 213.

Because courts which had federal prisons within their jurisdictional boundaries became inundated with habeas petitions, and because the materials, witnesses, and other evidence which had a significant bearing on the determination of the legality of a sentence were generally located in the district where sentence was imposed rather than where the prisoner was confined, in 1948 Congress enacted § 2255 of Title 28. *See* Hayman, 342 U.S. at 212–14, 218; *see also* Wofford v. Scott, 177 F.3d 1236, 1239 (11th Cir. 1999). The language of § 2255 suggests, and the Eleventh Circuit has expressly concluded, that this statute was intended to channel challenges to the legality of the conviction and imposition of sentence, while leaving § 2241 available to challenge the continuation or execution of an initially valid confinement. *See* Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351–52 (11th Cir. 2008); United States v. Jordan, 915 F.2d 622, 629 (11th Cir. 1990) (§ 2255

---

[2] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system rather than those the parties may have assigned.

is primary method of collateral attack on federally imposed sentence); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir. Apr. 1981) (attacks on the underlying validity of a conviction must be brought under 28 U.S.C. § 2255, not 28 U.S.C. § 2241).[3] Thus, § 2241 provides an avenue for challenges to matters such as the administration of parole, prison disciplinary actions, prison transfers, and certain types of detention. *See* Antonelli, *supra* (petition challenging decision of federal Parole Commission is properly brought pursuant to § 2241); Thomas v. Crosby, 371 F.3d 782, 810 (11th Cir. 2004) (petition challenging pre-trial detention is properly brought pursuant to § 2241); Bishop v. Reno, 210 F.3d 1295, 1304 n.14 (11th Cir. 2000) (petition challenging Bureau of Prisons's administration of service credits, including calculation, awarding, and withholding, involves execution rather than imposition of sentence; thus it is a matter for habeas corpus review). A collateral attack on the validity of a federal conviction and sentence, is properly brought under 28 U.S.C. § 2255 in the district of conviction. Antonelli, *supra*; Jordan, *supra*; McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). A defendant may not circumvent the procedural limitations on § 2255 motions simply by styling his motion as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

> Title 28 U.S.C. § 2255(e) provides in pertinent part:
>
> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added); Wofford, 177 F.3d at 1238 (quoting § 2255 with added emphasis). The italicized language is known as the "savings clause." The savings clause imposes a subject-matter jurisdictional limit on § 2241 habeas petitions. *See* Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1338–40 (11th Cir. 2013).

In Gilbert v. United States, the Eleventh Circuit held that the savings clause "does not authorize a federal prisoner to bring in a § 2241 petition a claim, which would otherwise be barred by § 2255(h), that the sentencing guidelines were misapplied in a way that resulted in a longer

---

[3] Decisions rendered by the United States Court of Appeals for the Fifth Circuit prior to September 30, 1981 are binding as precedent on the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981).

Case No: 5:13cv322/LAC/EMT

sentence not exceeding the statutory maximum." 640 F.3d 1293, 1323 (11th Cir. 2011) (en banc), *cert. denied*, — U.S. —, 132 S. Ct. 1001, 181 L. Ed. 2d 743 (2012). The court concluded that, "for claims of sentence error, at least where the statutory maximum was not exceeded, the point where finality holds its own against error correction is reached not later than the end of the first round of collateral review." *Id.* at 1312; *see also id.* at 1295 (holding that a federal prisoner cannot "use a habeas corpus petition to challenge his sentence . . . at least where the sentence the prisoner is attacking does not exceed the statutory maximum.").

Here, Petitioner's claim is based upon Peugh v. United States, — U.S. —, 133 S. Ct. 2072, 186 L. Ed. 2d 84 (2013). In Peugh, the Supreme Court held that the Ex Post Facto Clause is violated when a defendant is sentenced under the current United States Sentencing Guidelines ("Guidelines") providing a higher sentencing range than the Guidelines in effect at the time of the offense. 133 S. Ct. at 2084. Petitioner contends he was sentenced on May 24, 2004, under the 2003 Guidelines; however, his offense conduct concluded in July of 2003, when the 2002 Guidelines were still in effect (doc. 2 at 2). He contends the 2003 Guidelines significantly increased his Guidelines range and thus his ultimate sentence (*id.* at 6–10). He argues if the 2002 Guidelines had been used, the court could not have applied U.S.S.G. § 2G2.2(b)(7)(D), because that provision did not exist in the 2002 Guidelines (*id.*).[4] He argues application of § 2G2.2(b)(7)(D) increased his sentencing range from 210–262 months to 360 months to life (*id.*).

---

[4] Section 2G2.2 provides, in relevant part:

(a) Base Offense Level:

    (1) 18, if the defendant is convicted of 18 U.S.C. § 1466A(b), § 2252(a)(4), § 2252A(a)(5), or § 2252A(a)(7).

    (2) 22, otherwise.

(b) Specific Offense Characteristics
. . . .
    (7) If the offense involved—
. . . .
        (D) 600 or more images, increase by 5 levels.

U.S.S.G. § 2G2.2

Respondent makes four arguments in support of its position that Petitioner is not entitled to proceed under the savings clause. First, the Supreme Court did not make Peugh retroactively applicable to cases on collateral review, and it is not likely the Supreme Court will do so (doc. 8 at 7). Second, Peugh did not overturn Sixth Circuit precedent (*id.* at 7–9). Third, the effective date of the 2003 Guideline at issue, § 2G2.2(b)(7)(D), was April 30, 2003, which was prior to July of 2003, when Petitioner admittedly concluded his offense conduct (*id.* at 11–12). Fourth, any error was harmless, because the sentencing court would have imposed the same sentence under either version of the Guidelines (*id.* at 12). Respondent contends the sentencing court departed upward from Petitioner's 2003 Guidelines range of 292–365 months, and imposed a sentence of 900 months (*id.*). Respondent contends there is little, if any, reason to believe that the deviation in Petitioner's Guidelines range resulting from application of § 2G2.2(b)(7)(D) would have impacted the court's substantial upward departure (*id.*).

The undersigned concludes that the instant case falls squarely under the holding of Gilbert. Petitioner has not shown that as a result of the sentencing court's application of § 2G2.2(b)(7)(D), his sentence exceeds the statutory maximum authorized by Congress. The statutory maximum authorized for each of Petitioner's offenses charged in Counts 1 through 101 was twenty (20) years of imprisonment. 18 U.S.C. § 2252(b)(1), (2) (eff. Apr. 30, 2003).[5] None of Petitioner's sentences on any of the charges exceeded the 20-year statutory maximum. Therefore, Petitioner failed to show he is entitled to proceed under the savings clause.

III.  CONCLUSION

In summary, review under § 2241 is unavailable because Petitioner challenges the validity of his sentence, not the execution thereof. Furthermore, he has not shown that his claim opens the savings clause portal to review. Because Petitioner is plainly not entitled to pursue the relief he seeks under § 2241, this cause should be dismissed without further proceedings.

---

[5] The Indictment charged that Petitioner's offense conduct relating to Counts 1 through 100 occurred "[o]n or about September 7, 2002, and continuing through on or about July 14, 2003," and his offense conduct relating to Count 101 occurred on or about July 30, 2003 (doc. 8, Ex. 1).

Case No: 5:13cv322/LAC/EMT

Accordingly, it is respectfully **RECOMMENDED**:

1. That the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (doc. 1) be **DISMISSED for lack of jurisdiction**.

2. That the clerk be directed to enter judgment accordingly and close the file.

At Pensacola, Florida this 14th day of February 2014.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**